### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| WALTER J. PAREDES, | ) |
| Petitioner, | ) |
| v. | ) Case No. 05-1328 |
| RICK VEACH, Warden, | ) |
| Respondent. | ) |

### O R D E R

This matter is now before the Court on Petitioner, Walter Paredes' ("Paredes"), Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. For the reasons set forth below, Paredes' Petition [#1] is DENIED.

### Background

On June 9, 1986, Paredes pled guilty to possession of a controlled substance with intent to deliver in the Circuit Court of Cook County, Illinois, and was sentenced to six years' imprisonment. He completed this sentence on February 28, 1990. In 1989, Paredes was charged with distribution of cocaine in the United States District Court for the Northern District of Illinois, and on July 29, 1991, he was sentenced to 360 months' imprisonment. That same year, he was also charged with violation of the federal Assimilation Act, 18 U.S.C. § 13, conspiracy to commit murder and aggravated battery, and solicitation of murder in the Northern District of Illinois. He was subsequently convicted, and on April 10, 1992, he was sentenced to four years' imprisonment to run concurrently with his 360 month sentence. Paredes is currently serving his 1991 sentence at the Federal Correctional Institution in Pekin, Illinois.

On March 17, 1997, Paredes filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 attacking his Cook County conviction. The petition was dismissed for failure to exhaust his available state law remedies.

Also in 1997, Paredes collaterally attacked his 1991 sentence in the Northern District of Illinois pursuant to § 2255. In that motion, he raised several claims, including ineffective assistance of appellate counsel, ineffective assistance of trial counsel, suppression of evidence, prosecutorial misconduct, a tainted trial record, and multiple assessments. The motion was denied on December 3, 1997.

In 2001, Paredes filed a second § 2254 motion, this time in the Northern District of Illinois, in which he asked the court to vacate his 1986 Cook County conviction, thereby making such conviction unavailable as a basis for enhancing his 1991 federal sentence. This petition was dismissed because Paredes was no longer "in custody" under the 1986 sentence.

Paredes has now filed a petition pursuant to § 2241 with respect to his 1991 federal conviction and sentence. In this petition, he raises essentially three issues: (1) appellate counsel was ineffective for improperly dismissing his direct appeal; (2) violation of his rights under the Interstate Agreement on Detainers with respect to his 1986 state conviction, which was then used as a basis for enhancing his federal sentence; and (3) counsel was ineffective at sentencing for failure to raise an *ex post facto* issue. The matter is fully briefed, and this Order follows.

## Discussion

A petition seeking habeas corpus relief is appropriate under 28 U.S.C. § 2241 when a defendant is challenging the fact or duration of his confinement. Preiser v. Rodriguez,

411 U.S. 475, 490, 93 S.Ct. 1827 (1973); Waletzki v. Keohane, 13 F.3d 1079, 1080 (7th Cir. 1994).  The writ of habeas corpus may be granted where the defendant is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. 2241(c)(3).

In this § 2241 Petition, however, Paredes does not challenge the circumstances of his confinement.  Rather, he attacks the validity of his sentence and asks this Court to vacate his sentence.  Accordingly, this Petition involves a collateral attack on Paredes' 1991 federal sentence, which would traditionally be brought pursuant to 28 U.S.C. § 2255.

However, Paredes has previously pursued § 2255 relief and is now barred from pursuing further relief under that section unless first obtains permission from the Court of Appeals to bring a second or successive motion or qualifies as one of the few instances in which petitioners may seek collateral relief under § 2241.  Gray-Bey v. United States, 209 F.3d 986, 988-90 (7th Cir. 2000); In re Davenport, 147 F.3d 605,  610-12 (7th Cir. 1998).

In Davenport, the Seventh Circuit held that a federal prisoner should be permitted to seek collateral relief under § 2241 "only if he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first 2255 motion."  147 F.3d at 611.  To be allowed to proceed, three additional conditions must also be met: (1) the change of law has to have been made retroactive by the Supreme Court; (2) it must be a change that eludes the permission in section 2255 for successive motions; and (3) "change in law" is not to be equated to a difference between the law in the circuit in which the prisoner was sentenced and the law in the circuit in which he is incarcerated.  Id. at 611-12.

First, the Court notes that Paredes has provided no explanation of why he did not have the opportunity to raise these claims in his § 2255 petition, particularly as he actually

raised claims of ineffective trial and appellate counsel and the unconstitutionality of his prior state court conviction in that motion. In addition to this failure, Paredes clearly fails the first prong of In re Davenport, as he does not identify any change in the law, much less a retroactive change in the law as the basis for his claims.

Thus, it would appear that § 2255 was neither inadequate nor ineffective to test the validity or legitimacy of Paredes' sentence. Accordingly, Paredes' § 2241 petition constitutes an improper attempt to avoid the procedural limitations and requirements attendant to motions brought under § 2255 and is not the type of situation that the Seventh Circuit contemplated in establishing the narrow avenue for certain collateral claims to be reviewed under § 2241. Having failed to meet the prerequisites established in Davenport, he is not entitled to proceed under § 2241, and his petition must be dismissed without prejudice.

## CONCLUSION

For the reasons stated herein, Paredes' Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [#1] is DISMISSED WITHOUT PREJUDICE for lack of jurisdiction. This matter is now terminated.

ENTERED this 15th day of May, 2006.

s/ Michael M. Mihm
Michael M. Mihm
United States District Judge